The STATE of Ohio, Appellee,

v.

SCHNEIDER, Appellant.

[Cite as *State v. Schneider* (1993), 87 Ohio App.3d 252.]

Court of Appeals of Ohio,
Lawrence County.

No. 92 CA 14.

Decided April 16, 1993.

*J.B. Collier, Jr.*, Lawrence County Prosecuting Attorney, for appellee.[1]

*Gene Meadows*, for appellant.

STEPHENSON, Judge.

This is an appeal from a judgment of conviction and sentence entered by the Lawrence County Municipal Court, following a no contest plea, finding Joey

1. This appeal was presented by J. Stewart Kaiser, then Prosecuting Attorney of Lawrence County, and his assistant, William Berry. Mr. Collier now occupies such office.

Schneider, appellant herein, guilty of violating R.C. 4511.19.[2] The following error is assigned:

"The trial court erred in treating the conviction of driving under the influence as a second offense."

The pertinent facts in this appeal are undisputed. On April 10, 1992, appellant was arrested for a R.C. 4511.19 violation. He had previously been convicted of a R.C. 4511.19 violation on April 10, 1987. Appellant filed a pretrial motion requesting the court to treat appellant under R.C. 4511.99 for sentencing purposes as a first–time offender and not a second offender.

At the date of appellant's arrest on April 10, 1992 R.C. 4511.99 provided, *inter alia,* as follows:

"(A) Whoever violates section 4511.19 of the Revised Code, in addition to the license suspension or revocation provided in section 4507.16 of the Revised Code and any disqualification imposed under section 4506.16 of the Revised Code, shall be punished as provided in division (A)(1), (2), (3), or (4) of this section.

"(1) If, within five years of the offense, the offender has not been convicted of or pleaded guilty to a violation of section 4511.19 of the Revised Code, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, or of section 2903.06 or 2903.07 of the Revised Code or a municipal ordinance that is substantially similar to section 2903.07 of the Revised Code in a case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the offender is guilty of a misdemeanor of the first degree and the court shall sentence the offender to a term of imprisonment of three consecutive days and may sentence the offender pursuant to section 2929.21 of the Revised Code to a longer term of imprisonment. In addition, the court shall impose upon the offender a fine of not less than two hundred and not more than one thousand dollars.

" * * *

"(2) If, within five years of the offense, the offender has been convicted of or pleaded guilty to a violation of section 4511.19 of the Revised Code, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, or of section 2903.06 or 2903.07 of the Revised Code or of a municipal ordinance that is substantially similar to section 2903.07 of the Revised Code in a

---

2. Appellant was charged with other offenses which are not in issue in this appeal.

case in which the jury or judge found that the offender was under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, the offender is guilty of a misdemeanor of the first degree and, except as provided in this division, the court shall sentence the offender to a term of imprisonment of ten consecutive days and may sentence the offender pursuant to section 2929.21 of the Revised Code to a longer term of imprisonment. * * *

"In addition, the court shall impose upon the offender a fine of not less than three hundred and not more than one thousand five hundred dollars."

The court overruled appellant's motion and, in sentencing appellant following his adjudication of guilt under a no contest plea, imposed the enhanced sentence provided in R.C. 4511.99(A)(2).

In *State v. Kerns* (Aug. 22, 1990), Ross App. No. 1612, unreported, 1990 WL 127039, this court rejected an argument that the five-year period in R.C. 4511.99(A)(2) is the period between the first and second convictions and held that the enhanced penalty applies if the prior conviction is within five years of the date of the second offense.

Thus, the dispositive issue presented for review is how the five-year period is determined with reference to the date of the first conviction and the date of the commission of the subsequent offense. Appellant argues that the date of the first conviction, *i.e.,* April 10, 1987, should be included as the first date of the five year period and the anniversary date, *i.e.,* April 10, 1992, should be excluded with the result that appellant's second offense did not occur within the five-year period. We disagree.

R.C. 1.44(B) defines "year" to mean twelve consecutive months. Accordingly, the five-year period in R.C. 4511.19(A)(2) logically means sixty months. See *Mayfield Heights v. Lebowitz* (June 22, 1989), Cuyahoga App. No. 2477, unreported, 1989 WL 70017. The Ohio Supreme Court has provided, *inter alia,* in Crim.R. 45(A) the following:

"Time: computation. In computing any *period of time prescribed* or allowed by these rules, by the local rules of any court, by order of court, *or by any applicable statute,* the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, Sunday, or legal holiday, in which event the period runs until the end of the next day which is not Saturday, Sunday, or legal holiday. * * *"[3] (Emphasis added.)

---

**3.** Similarly, R.C. 1.14 provides:

"The time within which an act is required by law to be done shall be computed by excluding the first and including the last day; except that when the last day falls on Sunday

Applying Crim.R. 45(A), it is necessary that the date of the first conviction, *i.e.,* April 10, 1987, be excluded and the last day of the five-year period, *i.e.,* April 10, 1992, be included so that the date when appellant committed the subsequent offense was within said five-year period. Appellant fails to advance a reasonable basis for a different interpretation and relies upon dicta in *State v. Elson* (1908), 77 Ohio St. 489, 83 N.E. 904, which we find unpersuasive under present statutes and rules.

The assignment of error is overruled and the judgment affirmed.

*Judgment affirmed.*

HARSHA, P.J., concurs.

GREY, J., dissents.

GREY, J., dissenting.

I respectfully dissent.

Since the statute reads, "If, within five years of the *offense,*" I assume the legislature intended that to be day one. In this case, Schneider's first offense occurred on February 15, 1987, and the next offense on April 10, 1992, well beyond five years.

There is a certain kind of hubris in saying nothing is until we say it is, but courts are wont to do that sort of thing. If one construes the word "offense" to mean that no offense exists until the defendant is convicted of the offense, then, of course we would have different dates. Schneider was first convicted on April 10, 1987, and convicted again on May 29, 1992, also well beyond five years. One either counts the commission day or the conviction day, but one cannot count it both ways, and under the guise of construction, extend a limit which has been created by the legislature.

If the statute said, "If, within five years of the offense, the offender has been *arrested,*" I might agree with the majority opinion, but the statute does not say that. The statute actually says, "If, within five years of the offense, the offender has been *convicted of* or *pleaded guilty* to a violation of Section 4511.19 * * *." (Emphasis added.)

The majority opinion says the five-year period is determined with reference to the date of the first conviction and the date of commission of the subsequent offense. This is rewriting the statute to read, "If, within five years of the

or a legal holiday, then the act may be done on the next succeeding day which is not Sunday or a legal holiday."

*conviction,* the offender *commits* a subsequent offense." This is not what the legislature said, and actually changes the statute quite substantially.

Counsel for appellant says we are obliged by law to construe this statute most favorably toward the accused. I have not done so because there is no need to. I have applied the statute as it is written. Therefore, I would sustain the assignment of error, reverse and remand for resentencing.

Thus, I dissent.